In re CARPENTER, Justice of the Peace.

(Supreme Court, General Term, Second Department.   December 12, 1892.)

JUSTICE OF THE PEACE—REMOVAL FOR MISCONDUCT.
     Evidence that a justice of the peace attended a prize fight and prevented the arrest of the guilty parties; that he frequently visited gambling houses on Sundays, and made no effort to suppress them, but was apparently intimate with the "coppers," who were appointed to watch those trying to suppress the gambling and inform the gamblers; that he attended a dog fight; that he used his office to punish a constable who was alleged to have shot at the proprietor of the hotel where the prize fight occurred, which allegation the justice knew to be false,—was sufficient to justify his removal from office.

Petition for the removal from office of Esek C. Carpenter, a justice of the peace of the town of Highland, Orange county. Petition granted.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

John M. Gardner, for respondent.

BARNARD, P. J. The evidence shows that in January, 1892, at midnight, the respondent attended a prize fight at the hotel of one Shea, in Highland Falls, in Orange county. A warrant had been issued by one Avery, a justice of the peace, and delivered to a constable. The respondent prevented the arrest of the guilty parties. He ordered the constable to be let in, and refused permission to let in the ring the constable's aids, duly deputed by Justice Avery, on the ground that they were not officers. He ordered the constable to go away, and ordered the release of Shea, who was arrested by one of these aids. Another aid to this constable was threatened with arrest by respondent if he did not stop his attempt to go in the prize ring. Respondent ordered the wild, lawless crowd to be let out of the ring upon the constable's party. One of the constable's deputies was knocked down. The evidence shows that on the 5th of July, 1891, the respondent and the two village constables were at Cranston's. There was open gambling of the worst description in the highways,—thimbleriggers and card playing. The coroner of the county applied to the constables to aid him in stopping the gambling. The coroner arrested a gambler at one of the points of disorder, and then went to other places. At one of them the respondent sat near by watching them. He was again asked to stop it, and replied that the people wanted it, and he would not interfere. He was in conversation with the arrested gambler, and immediately violence was threatened by the gambler to the coroner. The respondent was proven to have been a frequent visitor at the disorder on Sundays in the previous year, (1890,) without protest or interference. The highways were blocked up by the gambling parties. On the 12th of July, 1891, Supervisor Goodsell broke up the custom without judicial aid. Respondent was apparently in control of the village constables, and was intimate at the Sunday gamblings with a class of persons called "coppers." Their function was to watch the supervisor, and inform gamblers. The day before the prize fight, respondent attended a dog fight at Shea's hotel, in which one dog lost his eye. I think the evidence shows that the respondent used his office to punish one Meskill. Meskill was one of the deputies of the constables on the night of the prize fight. Shea made a complaint that Meskill shot at him. The justice caused the arrest so late in the day that there was no other way but to go to jail at Newburgh. Meskill denied the charge, and the grand jury ignored the indictment. Respondent's manner was violent upon the arrest. He said he had seen the officer, and knew that Meskill was guilty. The justice would not listen to the information that Meskill was so sick that it was dangerous to go to jail. The fact was proven by Dr. Brown. Meskill offered bail, and it was refused because the offense was not bailable. It was bailable, but not by respondent.

If he had done his duty humanely and without malice, he would have committed the accused for the action of the grand jury, and he could have been bailed without passing the night in the jail.   The record is so very voluminous that we can but state conclusions, from the proof returned, that the Shea House is very bad and of evil repute; that the respondent is deemed his supporter, and is also deemed to be in league with gamblers and gambling, and other evil practices; that respondent was in league with the constables in screening gambling carried on in his presence openly and continuously on Sundays.   While a bad, character is not sufficient to remove a public officer, it does give color to the testimony when it is in dispute as between the justice and Shea, and the other witnesses who testify in favor of the existence of the facts charged.   We think the proof justifies and calls for the removal of the respondent as justice of the peace of the town of Highland, in Orange county.